SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**SCOTT M. KERIN, OSB #965128**
Scott.Kerin@usdoj.gov
**NICOLE M. BOCKELMAN, OSB #105934**
Nicole.Bockelman@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:25-cr-00253-AB |
| v. | **GOVERNMENT'S MOTION TO EXCLUDE DEFENSE BURDEN OF PROOF CHART IN CLOSING** |
| HUGO GOMEZ-SOTO, | |
| Defendant. | |

**1.  Motion to Exclude Defense Use of Misleading Burden of Proof Chart**

Consistent with this Court's pretrial ruling in *United States v. Millegan*, 3:19-CR-00528-IM; *United States v. Jesenik (et al)*, 3:20-cr-00228-SI and *United States v. Rhodes (et al),* 3:19-cr-00333-IM, the government moves the Court to preclude the defense from using a demonstrative burden of proof chart that inaccurately reflects the governing burden of proof. Below is an example of one such chart that Judge Michael Simon refused to permit the defense to use in *United States v. Proudfoot*, 3:15-cr-000427-SI:

Judge Simon refused to allow the defense to use this chart because "[i]t implies that there are 14 different levels of burden of proof, when, at least with respect to jury trials, there are really only three: [p]reponderance, clear and convincing, and beyond a reasonable doubt." (Tr. Dec. 11, 2018; Vol. 7 at 1261, ECF 203 in 3:15-cr-000427-SI). The court explained that a chart with three categories reflecting the three different legally recognized standards of proof would be permissible, but a



demonstrative that spliced the reasonable doubt standard into 14 arbitrary segments that are not found in the law anywhere would be inappropriate and "misleading." *Id.* at 1262, 1264. In another case in this district, Judge Mosman permitted the defense to use the chart but did so without explanation. *United States v. Lupercio-Quezada,* 3:18-cr-00345-MO.

Several other district courts have refused to permit similar demonstrative charts. *See*, *e.g.*, *United States v. McDade,* 1996 WL 432490, *1 (EDPA); *United States v. Burciaga,* 2013 WL 12164757 (D. N.M. May 1, 2013); *Palomar v. Madden,* 2016 WL 4095965, * 19-21 (EDCA Aug. 2, 2016), *adopted* 2017 WL 1837759 (EDCA 2017). Two of these courts rejected the chart under Federal Rule of Evidence 403, finding it unhelpful and confusing. *Burciaga,* 2013 WL 12164757, *1; *McDade,* 1996 WL 432490, *1. As one court explained it, the court defines the law, and the attorneys may "argue reasonable doubt with their customary barristerial flourishes,

provided those flourishes do not misstate the law." *McDade,* 1996 WL 432490, *1. This chart misstates the law.

Indeed, the Supreme Court and the Ninth Circuit have held that a trial judge may prohibit defense counsel from arguing incorrect statements of the law. *United States v. Doe*, 705 F.3d 1134, 1149 (9th Cir. 2013) (*citing Herring v. New York,* 422 U.S. 853, 860 (1975)). And courts have applied this rule to both sides. *See, e.g.*, *Ammons v. Lewis,* 2012 WL 6645034, *14-15 (CDCA 2012), *adopted* 2012 WL 6642641 (CDCA 2012) (holding that a DDA's animated graphic was improper because "reasonable doubt should not be related to a quantitative measure."); *see also Petrocelli v. Angelone,* 248 F. 3d 877, 888-89 (9th Cir. 2001) (holding it was error for the trial court, during voir dire, to analogize reasonable doubt to "getting to the 97-yard line" in a football game).

DATED this 13TH day of April, 2026.

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Scott M. Kerin*
SCOTT M. KERIN, OSB #965128
NICOLE M. BOCKELMAN, OSB #105934
Assistant United States Attorneys